# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DARRYL JAMUAL WOODS,

        Petitioner,        Case Number: 06-CV-11084

v.        HONORABLE GERALD E. ROSEN

RAYMOND BOOKER,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION/REHEARING AND PETITIONER'S MOTION FOR EVIDENTIARY HEARING

Petitioner Darryl Jamual Woods, through his attorney, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his convictions for first-degree murder, assault with intent to murder, assault with intent to rob while armed, and felony firearm. On October 23, 2008, the Court issued an "Opinion and Order Denying Petition for Writ of Habeas Corpus." Petitioner has filed a *pro se* "Motion for Reconsideration/Rehearing Pursuant to Local Rule 7.1(g)(3) and F.R.C.P. 59" and a "Motion for Evidentiary Hearing."

Motions for reconsideration may be granted when the moving party shows (1) a "palpable defect," (2) by which the court and the parties were misled, and (3) the correction of which will result in a different disposition of the case. E.D. Mich. L.R. 7.1(g)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." *Olson v. The Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004).

Petitioner's arguments for reconsideration amount to a disagreement with the Court's decision. A motion predicated on such an argument is an insufficient ground upon which to

grant reconsideration.  L.R. 7.1(g)(3); *see also, Meekison v. Ohio Dept. of Rehabilitation and Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998).  Petitioner fails to demonstrate that the Court's decision denying his petition was based upon a palpable defect by which the court was misled.

Petitioner also seeks relief under Federal Rule of Civil Procedure 59.  The disposition of a motion filed pursuant to Fed. R. Civ. P. 59, is "entrusted to the court's sound discretion." *Keweenaw Bay Indian Community v. United States*, 940 F. Supp. 1139, 1140 (W.D. Mich. 1996) (*citing Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982)).  Rule 59(e) motions are generally granted when one of the following circumstances arises:

> (1) because of an intervening change in the controlling law; (2) because evidence not previously available has become available; or  (3) necessity to correct a clear error of law or prevent manifest injustice.

*Nagle Industries, Inc. v . Ford Motor Co.*, 175 F.R.D. 251, 254 (E.D. Mich. 1997) (*citing Keweenaw Bay*, 940 F. Supp. at 1141).  "Such motions, however, are 'not intended as a vehicle to relitigate previously considered issues;' 'should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence' and are not the proper vehicle to attempt to obtain a reversal of a judgment 'by offering the same arguments previously presented.'" *Id.*, *(quoting Keweenaw Bay*, 904 F. Supp. at 1141).

None of the arguments advanced by Petitioner in support of his motion satisfy the standards under which Rule 59 motions may be granted.  Petitioner does not argue that an intervening change in the law requires that the Court amend its judgment, nor does he establish that the Court committed a clear error of law which must be remedied.  Petitioner's arguments also do not satisfy the only remaining prong under which Rule 59 relief may be granted, that evidence not previously available suddenly has become available.  Thus, Petitioner has failed to

show entitlement to relief under Rule 59.

Petitioner also has filed a Motion for Evidentiary Hearing. The habeas petition has been denied and the matter dismissed. Therefore, this Motion is moot.

Accordingly, IT IS ORDERED that Petitioner's "Motion for Reconsideration/Rehearing Pursuant to Local Rule 7.1(g)(3) and F.R.C.P. 59" [dkt. # 43] is DENIED.

IT IS FURTHER ORDERED that Petitioner's "Motion for Evidentiary Hearing" [dkt. # 44] is DENIED AS MOOT.

s/Gerald E. Rosen
United States District Judge

Dated: December 4, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 4, 2008, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager