**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DARRYL JAMUAL WOODS,

        Petitioner,        Case Number: 06-CV-11084

v.        HONORABLE GERALD E. ROSEN

RAYMOND BOOKER,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY AND GRANTING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Petitioner Darryl Jamual Woods filed a *pro se* petition for a writ of habeas corpus challenging his convictions for first-degree murder, assault with intent to murder, assault with intent to rob while armed, and felony firearm. On October 23, 2008, the Court issued an Opinion and Order Denying Petition for Writ of Habeas Corpus. Petitioner has filed a Motion for Certificate of Appealability and a Motion to Proceed *In Forma Pauperis* on Appeal.

Before Petitioner can appeal the Court's decision, a certificate of appealability under 28 U.S.C. § § 2254(c)(1)(A) and Fed. R. App. P. 22(b) must issue. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where the petition is dismissed on procedural grounds, the petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been

resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 890, 898 n.4 (1983)).

Petitioner presented six claims for habeas corpus relief. In his first claim, Petitioner argued that he was denied his right to due process because perjured testimony was presented at trial. Petitioner failed to show that the prosecutor knowingly presented false testimony at trial. Further, his claim that he was deprived of due process because the Michigan Court of Appeals failed to grant him a new trial on collateral review based upon this allegedly false trial testimony is not cognizable on habeas review because "the argument that an error was made on post-conviction review does not challenge the constitutionality of the petitioner's custody." *Sitto v. Bock*, 2006 WL 2559765, *6 (E.D. Mich. Aug. 30, 2006).

Second, Petitioner argued that the writ should be granted because insufficient evidence was presented at trial to sustain any of his convictions. Under Michigan law, the elements of felony murder are: (1) the killing of a human being; (2) with the intent to kill, to do great bodily harm, or to create a very high risk of death or great bodily harm with knowledge that death or great bodily harm would be the probable result; (3) while committing, attempting to commit, or assisting in the commission of any of the felonies enumerated in Mich. Comp. Laws § 750.316. *People v. Smith*, 478 Mich. 292, 318-319; 733 NW2d 351 (2007). To prove aiding and abetting felony murder, a prosecutor must show "that the aider and abettor had the intent to kill, the intent to cause great bodily harm or wantonly and wilfully disregarded the likelihood of the natural tendency of his behavior to cause death or great bodily harm." *Id* Viewing all of the evidence in a light most favorable to the prosecution, the Court concluded that a rational trier of fact could

have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Under Michigan law, assault with intent to murder is a specific intent crime that requires proof of the following elements: "(1) an assault, (2) with an actual intent to kill, (3) which, if successful, would make the killing murder." *People v. Plummer*, 229 Mich. App. 293, 581 N.W.2d 753 (1998). Based upon testimony that Petitioner, after twice shooting the victim in the leg, began to raise the gun towards the victim's head, the Court concluded that a rational trier of fact could have found Petitioner guilty of assault with intent to murder.

Finally, Petitioner argued that insufficient evidence was presented to sustain his conviction for assault with intent to rob while armed because there was no evidence of his intent to rob or steal. This Court concluded that the Michigan Court of Appeals' decision that sufficient evidence was presented to sustain the conviction did not "result[] in a decision that . . . involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Third, Petitioner claimed that his trial attorney was ineffective in: (i) failing to properly investigate and present a defense; (ii) failing to object to the prosecutor's improper statements; and (iii) failing to object to inadmissible hearsay. Petitioner's first claim of ineffective assistance of counsel was procedurally barred from habeas review. Next, Petitioner failed to show that the prosecutor engaged in misconduct. Therefore, he could not establish the counsel was ineffective in failing to object to the prosecutor's conduct. Finally, Petitioner argued that counsel was ineffective in failing to object to testimony regarding statements purportedly made by the two unidentified gunmen involved in the shooting. Petitioner failed to show that these

3

statements were inadmissible under Michigan law or that counsel's failure to object to these statements deprived him of a fair trial.  Therefore, the Court held that counsel was not ineffective in this regard.

Fourth, Petitioner argued that the prosecutor engaged in misconduct.  The relevant inquiry in cases of alleged prosecutorial misconduct is "whether the prosecutor's comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643, (1974)).  Petitioner failed to show that any of the challenged conduct rendered his conviction a violation of due process.  Therefore, the Court denied relief on this claim.

Fifth, Petitioner argued that he was denied a fair trial when the trial court judge extensively questioned a witness about whether he was receiving any benefit in exchange for his testimony.  The trial court judge simply explored whether the witness was testifying under any agreements, understandings, or beliefs which might impact the credibility of his testimony or be relevant to his motive for testifying.  The Court found nothing improper about the trial court's inquiry.

Finally, Petitioner argued that he was denied his right to an impartial jury because two jurors, Edwin Brown and Bonita Wooden, failed to reveal during *voir dire* that they are related.  To establish entitlement to a new trial because of juror dishonesty during *voir dire*, a defendant "must first demonstrate that a juror failed to answer honestly a material question . . . and then further show that a correct response would have provided a valid basis for a challenge for cause."  *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556 (1984).  Only juror misconduct that deprives a defendant of a fair and impartial trial warrants habeas relief.

*Clemmons v. Sowders*, 34 F.3d 352, 355 (6th Cir.1994).  Petitioner failed to show that Wooden or Brown gave inaccurate responses during *voir dire*, or that their familial relationship evidenced a bias that would have compromised their ability to be impartial.  None of their statements implicated their ability to fairly consider Petitioner's case.  Thus, the Court denied habeas relief.

The Court finds that jurists of reason would not find the Court's assessment of the foregoing claims to be debatable or wrong.  *See Slack*, 529 U.S. at 484.  Therefore, Petitioner has failed to show that he is entitled to a certificate of appealability.

Also before the Court is Petitioner's Motion to Proceed *In Forma Pauperis* on Appeal.  Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court.  An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith.  28 U.S.C. § 1915(a)(3).  "[T]he standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith."  *U.S. v. Cahill-Masching*, 2002 WL 15701, * 3 (N.D. Ill. Jan. 4, 2002).  "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit."  *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000).  While the Court held that jurists of reason would not find the Court's assessment of the claims presented in Petitioner's habeas corpus petition to be debatable or wrong, the Court finds that an appeal may be taken in good faith.  The Court, therefore, shall grant the Motion to Proceed *In Forma Pauperis* on Appeal.

Accordingly, for the foregoing reasons, **IT IS ORDERED** that Petitioner's Motion for Certificate of Appealability is **DENIED** and his Motion to Proceed *In Forma Pauperis* on Appeal is **GRANTED**.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  January 30, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 30, 2009, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager
